RUFF v. DOTY.

A complaint alleging that one defendant fraudulently obtained a mortgage from plaintiff as additional security, and that after the debt was fully paid this defendant instituted an action to foreclose said mortgage, in which suit this plaintiff appeared and employed an attorney, who negligently failed to defend; that judgment of foreclosure was obtained, sale

had, and the other defendant purchased and was now in posses-
sion—fails to state a cause of action (1) against the purchaser, because
he is protected by the judgment under which he purchased; and also
(2) against the mortgagee, because the matters charged were necessa-
rily involved in the former cause and are now, therefore, *res judicata..*

Before FRASER, J., Fairfield, June, 1886.

The opinion sufficiently states the case.

*Mr. D. A. Straker,* for appellant.

*Mr. James G. McCants,* contra.

February 28, 1887. The opinion of the court was delivered by
MR. CHIEF JUSTICE SIMPSON. The defendants, Doty and
Walker, some time in 1881, instituted regular proceedings in the
Court of Common Pleas for Fairfield County, for the foreclosure
of a mortgage held by them on the plaintiff, covering the land in
dispute. To this proceeding the plaintiff appeared and employed
counsel to defend. The cause was referred to a referee, and upon
his report coming in, judgment was obtained, on September 22,
1881, after which, to wit: on the first Monday in November,
1882, the land was sold by the clerk of the court, under its order
for foreclosure, at which sale the defendant, A. F. Ruff, pur-
chased the same for the sum of one hundred and fifty dollars, who
is now in possession.

The action below was instituted in May, 1885, to vacate the
foreclosure judgment, to set aside the sale thereunder, to put the
plaintiff in possession of the land, and to annul the mortgage,
which covers the land. This demand in the complaint is based
upon allegations therein, in which plaintiff alleges that the defen-
dants obtained said mortgage by falsely representing to him that
it was a mortgage simply of the crop to be made on the land, and
two mules and a cow and calf, and not being able to read hand-
writing, though he can sign his name, he executed it as repre-
sented to him; and he further alleges that the personal property
embraced in the mortgage had been sold before the foreclosure
proceedings, the proceeds of which, with a payment made by him

upon the debt intended to be secured, had more than satisfied said debt.   Upon these allegations he demanded as above stated. An answer was put in denying these allegations, and when the case was called for trial, the defendants interposed an oral demurrer, on the ground that the complaint did not state facts sufficient to constitute a cause of action, which demurrer his honor, Judge T. B. Fraser presiding, sustained, and therefore dismissed the complaint with costs.   The appeal involves the correctness of this order, to wit : did the complaint below contain a cause of action ?

The object of the action, as stated above, was to vacate the judgment of foreclosure, the sale thereunder, the mortgage, and to obtain a decree that plaintiff be let into the possession of the land.   Now, to entitle the complaint to stand as constituting a cause of action, the facts alleged should be sufficient to accomplish some or all of the results desired, or some other result redressing the wrong complained of, and at the same time competent to be heard and considered on the trial of the cause.   Examining the complaint under this principle, no doubt the facts alleged were amply sufficient to vacate the mortgage originally, because there is a distinct charge of imposition, misrepresentation, and deceit, whereby the plaintiff, not being able to read, was induced to execute a mortgage covering his land, when he asserts that he understood it to be merely a lien on his crop to be made on the land.   No doubt, too, had these facts been interposed as a defence to the foreclosure suit, especially with the addition that before said suit the debt intended to be secured by the mortgage had been actually paid by the sale of other mortgage property, such defence, if proved, would have defeated the foreclosure.

But this proceeding is not one to vacate the mortgage, as an original proceeding against it, nor were the facts alleged in the complaint set up as a defence to the foreclosure action, when the plaintiff had full opportunity to set it up.   But the single question here is, admitting the allegations and their force and effect, could the plaintiff avail himself of them in this direct proceeding, after having suffered the mortgage to be adjudicated, the amount due thereunder to be ascertained, the land to be sold, and an innocent purchaser to enter into possession, without protest or

.complaint made. So far as vacating the sale, and the question of dispossessing A. F. Ruff, defendant, is involved, we think the principle of the case of *LeConte* v. *Irwin* is authority against it. That was a case recently decided by this court, and the principle applied there we think applies here, and we need not consume time in discussing or attempting to sustain that principle. It is authority for us, and is conclusive upon so much of the appeal. *LeConte* v. *Irwin*, 19 *S. C.*, 554.

But the whole appeal is resisted on the ground that all the matters relied on by appellant are either *res adjudicata* in the foreclosure suit, or might have been, so far as to preclude the plaintiff from ever afterwards raising them, against the mortgage or its foreclosure, and in that view, that his honor was right in dismissing the complaint, on the ground that plaintiff had no cause of action against any of the parties, defendants. The doctrine of *res adjudicata* is a very fruitful subject, much has been written on it by text writers, and many decisions thereon can be found, not only in our courts, but in the courts of other States, and we might say much upon it here. But what is needed, as we conceive, in a judgment of a court of final resort, especially one governed by precedents like ours, is not elaborate essays, however tempting, but clear and distinct determination of the exact questions involved, with the authorities relied on noticed and briefly explained when necessary.

Now, in the matters before us, we have two cases in our reports recently decided by this court, which we think when considered and applied here, will conclude this appeal against the appellant on the questions involved, to wit: the cases of *Hart* v. *Bates*, 17 *S. C.*, 35, and *Fraser & Dill* v. *Charleston*, 19 *S. C.*, 399. In the first of these cases, one Bates brought action to recover possession of a tract of land from one Hart. Hart resisted on the ground that he held under a conveyance from the same party under whom Bates claimed, which was superior to that of Bates and which covered the land. There was no dispute about the execution of the deeds, and the only question raised at the trial was one of location. This was decided against Hart, and Bates recovered the land. Hart at the time of the ejectment trial above, held a judgment against the grantor of Bates, in favor of

which the *bona fides* of the conveyance to Bates might have been attacked, but relying upon the location of his own deed, this question was not raised in the ejectment trial. After that trial and after he had lost the land, he assigned this judgment to his wife, who brought the action (17 *S. C., supra*), to set aside Bates' deed, so that the land should become liable for the judgment debt of his grantor held by her. This was resisted on the ground in part of *res adjudicata* in the former case of Bates *v.* Hart.

The principle which the court applied to the case, was this, "That a judgment is not technically conclusive of any matter, if the matter is not such that it had of necessity to be determined before the judgment could have been given," and in fact was not raised—citing 6 *Wait, A. & D.,* 785; *Hunter* v. *Davis,* 19 *Ga.,* 413; *Aurora City* v. *West,* 7 *Wall.,* 106; *Steam Packet* v. *Sickles,* 24 *How.,* 333; 5 *Wall.,* 580; 2 *Wall.,* 35. And especially "is it not conclusive of a matter of fraud when the question of fraud was not raised, and the facts constituting the fraud were not known to the party injuriously affected." Applying these principles to the facts of the case, the court held that Mrs. Hart was not precluded from assailing the deed of Bates on the ground of fraud, inasmuch as that question was not raised, nor necessarily involved in the previous ejectment suit, her husband relying in that suit upon his deed which he thought covered the land in dispute, and which, if it had been true, would have entitled him to the land, as his deed was superior to the deed of Bates, both claiming from a common source; and besides, the facts constituting the fraud were not known at the trial of the ejectment suit.

The case of *Fraser & Dill* v. *Charleston, supra,* was an action to vacate a judgment against an executor, obtained on an indorsement of a note, said indorsement being as alleged a forgery by the executor. The court said: "It is elementary that the judgment of a competent court having jurisdiction of the subject matter is absolutely conclusive against all parties, and the matters decided by it are *res adjudicata,* and may not be stirred again, * * It does not appear clearly that proof was offered, and the point in question actually decided by the court, but that was not indispensable, provided the precise matter was involved in the

issue, so that it had of necessity to be decided before the judgment could have been given"—citing *Hart* v. *Bates, supra.*

The question in the case was the genuineness of the indorsement, and this court said: "It seems to us, that the identical matter now charged [to wit, that the indorsement was a forgery] was necessarily involved in the action at law on the indorsement; if the proof of the hand-writing was not required, it should have been required, and failing to require it, the result must be the same as if it had been formally made. It may be," however, said the court further, "that the precise matter of the genuineness would not have been necessarily adjudged, if at the time the judgment was rendered the indorsement covered a hidden fraud, which was unknown to the defendant, as well as plaintiff, on the principles announced in the case of *Hart* v. *Bates,*" to wit: "That it is not necessary for a party in ignorance to assail every paper proved as fraudulent in order to escape the penalty of being precluded from doing so at a future time in case he should discover evidence that would justify such charge." But said the court, "We cannot see how the executor, Whaley, can claim the benefit of this principle. He must have known all about the indorsement as it was in his hand-writing. He was certainly bound by the judgment, and if now living he could not impeach it"—quoting from *Freeman on Judgments,* as follows: "An adjudication is final and conclusive, not only as to the matter actually determined, but as to any matter which the parties might have litigated, and had decided as incident to or essentially connected with the subject matter of the litigation, and every matter coming within the legitimate province of the original action, both of claim and defence."

These two cases, considered together, decide, briefly, that a matter not necessarily involved and not raised in a previous case, is not *res adjudicata,* but if necessarily involved and raised, or not, it is concluded, and especially so, if the party denying the adjudication knew of the matter and could have interposed it at the previous trial, either in support of a claim or as a defence.

Now, in the case at bar, the plaintiff here was sued by the defendants, Doty & Co., to foreclose the mortgage in question. That suit necessarily involved the validity of the mortgage and

the existence of the debt claimed. It was defended by the plaintiff, or at least he was regularly notified by summons, and he employed counsel. He must have known the facts in connection with the mortgage which he alleges now, or could have known them by having the mortgage examined by his counsel. He knew whether or not the debt was paid. These must have been the very points in issue, the validity of the mortgage and the existence of the debt, and these were the points adjudicated, as without such adjudication no judgment could have been pronounced. That the attorney failed to do his duty, and neglected the defence, cannot avail the plaintiff. It is true that the plaintiff states in the complaint that he did not know the facts at the time of the judgment. This, however, cannot apply to the alleged fraud in the mortgage or to the existence of the debt, because he must have known when he executed the mortgage what kind of mortgage he understood he was giving, and what the debt was; and when he was sued he must have known what kind of mortgage he was sued on, and also whether he paid the debt, or he could have and should have known both of these facts. We must suppose, therefore, that the want of knowledge, which he alleges, was in reference to the neglect of his attorney in properly defending the action, and which, if true, is no foundation for the relief which he seeks.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.