### ROSS v. CARROLL.

1.   Where a judgment by default exceeds the relief demanded in the complaint, it is an erroneous judgment, which might be corrected by appeal, and, perhaps, by motion, but is it therefore void?

2.   Where a complaint alleged a past due note secured by mortgage, and a second note, likewise secured, of which only the first instalment is past due, but alleged the amount due only on the first note, and prayed foreclosure of the mortgage, and the defendant made default, and judgment of foreclosure was rendered for principal and interest due and to become due on both notes, the judgment, if not in proper form, was clearly valid, and will not be enjoined in subsequent action brought for that purpose; particularly so, as the complaint in the action for foreclosure also demanded "such other and further relief as the circumstances may require, and as to the court may seem just."

Before Hudson, J., Spartanburg, April, 1889.

Action by O. A. Ross against Carroll & Carpenter, commenced in December, 1888.    The opinion states the case.

*Mr. Stanyarne Wilson*, for appellant.

*Messrs. Bomar & Simpson*, contra.

June 26, 1890.    The opinion of the court was delivered by

Mr. Justice McIver.    The object of this action is to set aside a judgment of foreclosure previously obtained by default by the defendants herein against the plaintiff herein. upon the ground that the same is invalid and void, and to enjoin the sale

of the mortgaged premises under said judgment upon two grounds: 1st. Because said judgment was in excess of the relief demanded in the complaint.    2d.  Because judgment was obtained upon a note, only half of which had become payable at the time the former action was commenced, and at the time the judgment in question was rendered.

The judgment in question was obtained under a complaint alleging, in substance, that the defendant therein (who is the plaintiff here) was indebted to the plaintiffs therein (who are defendants here) in the sum of $200, besides interest, by his note, bearing date 26th of April, 1887, payable on the 15th of November, 1887, which note was secured by a mortgage of certain real estate described in the former complaint, and also by his note, bearing date 15th January, 1887, for $321.50, one-half of which was payable 1st of December, 1887, and the other half on the 1st of December, 1888, which last mentioned note was secured by a mortgage on the same premises.    The next allegation in the complaint in the former action is as follows : "That the condition of the said first mentioned note and mortgage has been broken, and there is due and remaining unpaid upon said first mentioned note and mortgage the sum of two hundred dollars, with interest from the 15th day of November, A. D. 1887, at ten per cent. per annum."    And the prayer of the complaint is as follows: "Wherefore the plaintiff prays that the said mortgage may be foreclosed and the equity of redemption barred, the premises ordered to be sold, and the proceeds applied to the payment of said debt, and execution awarded for the balance against defendant, and for such other and further relief as the circumstances may require, and as to the court may seem just."

That action appears to have been commenced in September, 1888, before the second one-half of the note last mentioned in the complaint became payable, and the defendant therein having failed to appear and answer within the time allowed for that purpose, the plaintiffs therein applied for and obtained an order of reference on the 5th of November, 1888, in which the referee was directed "to ascertain the amounts due on the notes, which are the subject of this action, with leave to report any special matter."    In accordance with this order the report was made on

the same day, finding "that the facts stated in the complaint are true, and that the amount now due on the notes set out in the complaint is the sum of six hundred dollars." He therefore recommended "that the plaintiffs have a decree for foreclosure, as prayed for in the complaint." Judgment of foreclosure was accordingly rendered on the same day—5th of November, 1888—directing that the mortgaged premises be sold at the time and on the terms therein indicated, and that the proceeds of the sale, after deducting costs and expenses of the sale, together with any taxes that might be due, be applied to the costs of the action, and to "the amount so reported due as aforesaid," and that any surplus be held subject to the order of the court, and if there was any deficiency, that the same be paid by the said O. A. Ross.

The present action was commenced on the 1st of December, 1888, and on the same day the plaintiff herein applied for and obtained a temporary injunction, restraining the enforcement of the judgment of foreclosure above referred to until the further order of the court. On the 15th of March, 1889, defendants herein gave notice of a motion at chambers to dissolve said injunction, which motion, however, was not heard until the case came up for hearing before his honor, Judge Hudson, who rendered a decree, holding that the judgment of foreclosure was a valid judgment, and the complaint should be dismissed with costs, and the temporary injunction dissolved. From this judgment plaintiff appeals upon the several grounds set out in the record, which need not be repeated here, as the substantial question is simply whether the judgment of foreclosure should have been set aside as invalid and void.

We will, therefore, proceed to consider the two grounds hereinbefore stated, upon which it is claimed that the judgment of foreclosure should have been set aside. While it is quite true, as stated in Pomeroy on Remedies, section 580: "If there be no answer, the relief granted cannot exceed that which the plaintiff shall have demanded in his complaint," we are not prepared to admit that if this rule is disregarded the judgment would be thereby rendered void. It would be an erroneous judgment, which might be corrected by appeal, or perhaps by motion; but we do not see how it would render the judgment void where, as

in the present case, the court unquestionably had jurisdiction of
the subject matter, and where it is not denied that the court had
acquired jurisdiction of the person against whom the judgment
was rendered.    But, waiving this, we do not consider that the
judgment rendered was in excess of the relief demanded.    The
facts stated in the complaint were sufficient to warrant a fore-
closure of both of the mortgages, though the fact that one-half
of the note secured by the last mentioned mortgage had not then
become payable, might have required that the judgment should
have been framed in terms somewhat different from those which
were employed.  *Brinckerhoff* v. *Thallhimer*, 2 Johns. Ch.,
486.    But that fact could not prevent a judgment of foreclosure
of the mortgage to secure the payment of a note, one-half of
which had then become payable.    So that the objection relied on
goes rather to the form than to the validity of the judgment, and
this cannot avail the plaintiff in the present action.    As is said
in the same section cited from Pomeroy above: "If every fact
necessary to the action is stated, the plaintiff may, even when no
answer is put in, have any relief to which the facts entitle him
consistent with that demanded in the complaint."    Now, as the
facts stated in the complaint were quite sufficient to warrant a
judgment of foreclosure of both mortgages, inasmuch as one-half
of the debt secured by the mortgage last mentioned had become
payable, it seems to us clear that the relief actually granted not
being inconsistent with that specially asked for, the judgment
rendered, though not, perhaps, in proper form, was clearly valid.

But, in addition to this, even if we assume that the special
relief demanded in the former action was simply a foreclosure of
the first mentioned mortgage (though that is not entirely clear),
yet the prayer did not stop there, but proceeded to demand "such
other and further relief as the circumstances may require, and as
to the court may seem just;" and inasmuch as the circumstances
of the case, as stated in the complaint, did require a judgment of
foreclosure of both of the mortgages, and as it was manifestly
just that such foreclosure should have been decreed, provided the
judgment to that end was properly framed, we do not think it
can be properly said that the relief granted exceeded that which
was demanded in the complaint, though the form in which the

judgment granting the relief was framed, might have been not altogether free from objection.

The plaintiff, by his fifth ground of appeal, undertakes to raise the question as to whether the mortgaged premises should not have been ordered sold in several parcels. But that is a question which should have been raised in the previous case; and in all events it is a matter addressed to the discretion of the Circuit Court.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.