### RYAN v. THE SOUTHERN B. & L. ASSOCIATION.

1. JUDGMENT—USURY—DEBTOR AND CREDITOR—REMEDY—STATUTE CONSTRUED—ESTOPPEL.—A judgment debtor is estopped from bringing a separate action, under Rev. Stat., 1391, for usurious interest collected of him in a foreclosure judgment by sale of his property under said judgment.

2. PRACTICE—REMEDY—USURY.—Proper practice for obtaining redress for usurious interest collected indicated.

Before TOWNSEND, J., Barnwell, March, 1897. Reversed.

Action by G. K. Ryan against The Southern Building and Loan Association and J. Allen Tobin, receiver, for usurious interest collected in judgment. Judgment for plaintiff. Defendant, Tobin, appeals.

*Messrs. Patterson & Holman*, for appellant, cite: Rev. Stat., 1391.

*Messrs. R. C. Holman, B. T. Rice*, and *Bellinger, Townsend & O'Bannon*, contra, cite: *On first point:* 27 S. C., 110; 3 S. E. R., 52; 30 S. C., 391; 9 S. E. R., 344; 31 S. C., 382; 9 S. C., 958. *Usury not res judicata:* 17 S. C., 35; 19 S. C., 254; 21 S. E. R., 617; 46 N. E. R., 654; Rev. Stat., 1390, 1391; 20 S. E. R., 993; 27 S. C., 110; 17 S. E. R., 600; 26 S. E. R., 696; 18 S. E. R., 232.

July 27, 1897. The opinion of the Court was delivered by

MR. JUSTICE JONES. This is an action under section 1391 of Revised Statutes, for double the sum alleged to have been received of plaintiff by the defendant association in excess of lawful interest. The jury found a verdict in favor of plaintiff for $2,864.50, and from the judgment entered thereon the defendant, Tobin, as receiver of the defendant association, appeals on the ground that the Circuit Court erred in refusing his motion for nonsuit. The defendant, Tobin, as receiver, in his answer, after a general denial, set up as a defense, that "the action could not be maintained because the questions involved in said action were *res judicata*, for the reason that in an action in the Court of Common Pleas for Barnwell County, the said Southern Mutual Building and Loan Association had brought an action and foreclosed a mortgage against the said G. K. Ryan, and that no plea of usury as a defense or counter-claim was interposed in said action to recover the principal sum out of which the claim for usury arose in this case."

The "Case" contains the following relevant facts: "That at the time of the commencement of the suit and the date of the decree in the old suit of the association against Ryan, the said Ryan had not paid any usurious interest, but that said alleged illegal and usurious interest was collected in said suit. That the bonds and mortgages sued upon by said association in the case against Ryan were not upon their faces usurious contracts, but provided, *inter alia*, that in no event should more than the amount borrowed, together with the interest at the rate of eight per cent. per annum, be collected under said bonds. That Ryan, in attempting to defend in the said suit, put in an answer denying that he was indebted to the association in the amount claimed; that said answer was stricken out as frivolous, and judgment proceeded to be taken against him as by default."

At the close of plaintiff's testimony, defendant's counsel moved for a nonsuit, which was refused. The ground for the motion for nonsuit was, "that the record in the old case of the Southern Mutual Building and Loan Associa-

tion against Ryan showed that the cause of action of G. K. Ryan arose out of the transaction involved in that suit, and that Ryan should have set up in that action his plea of usury as a defense, or should have interposed a counterclaim for excessive interest, if any, and that he could not now maintain a separate action to recover said amount, as the same had become *res judicata*."

The exceptions are as follows: "1. Because his Honor erred in refusing to grant the defendant's motion for a nonsuit herein, as it appeared in the record in the case of the Southern Mutual Building and Loan Association against G. K. Ryan, that the claim of the plaintiff in this action for the recovery of usury as a penalty of forfeiture originated in an action for the collection of the debt and interest in a foreclosure suit to which the said G. K. Ryan was a party defendant, and he is, therefore, estopped. 2. Because his Honor should have granted the defendant's nonsuit upon the ground that when a party is a defendant in an action against him for the recovery of a debt and interest, that he is bound to set up such a claim of usury as a defense or counter-claim in that action, and cannot afterwards maintain a separate action for the recovery of usury as a forfeiture when the same arose in such suit, as in this instance, where G. K. Ryan was a party defendant to said action of foreclosure."

The only evidence of the receipt of any money alleged to be for usurious interest by defendant from plaintiff was the money paid to defendant out of the proceeds of sale under decree in foreclosure in the case of said association against said Ryan. It is conceded that nothing was paid as usurious interest previous to the rendition of judgment. The question, then, is, can a suit be maintained under sec. 1391, Rev. Stat., for double the sum of interest received in excess of lawful interest, where the only evidence of the receipt of usurious interest was the receipt of the proceeds of a judgment and sale in foreclosure, in a suit on a contract to which the defense of

usury might have been interposed. We think it clear that such a suit can not be maintained. A judgment is the final determination of the rights of the parties in the action (Code, sec. 266), and is conclusive of all matter necessarily involved, whether raised or not, especially if the party denying the adjudication knew of the matter and could have interposed it at the previous trial, either in support of a claim or as a defense. *Ruff* v. *Doty*, 26 S. C., 178. While it is true, as a general rule, that usury is not available as a defense unless pleaded (*Bank* v. *Miller*, 39 S. C., 193), yet since usury goes to defeat the recovery in whole or in part, and is necessarily based upon or connected with the contract sued upon, and in the affirmative proof upon the contract must be impliedly but necessarily negatived, a judgment defendant must be held estopped to affirm usury in the judgment debt, in any subsequent suit involving the existence of such usury as a fact. The law as to payment affords an illustration. The defense of payment is affirmative, and must be pleaded as a general rule, but if such plea is not made, and judgment is rendered for the whole debt, the judgment defendant is estopped to affirm payment in any subsequent suit based on the fact of payment. In 2 Black on Judgments, 759, the doctrine is laid down, that "a judgment defendant is estopped from alleging that usurious interest was included in the judgment in a subsequent suit to recover treble the amount of such interest. For the usury, if in fact it existed, could have been pleaded in defense to the former action, and whether it was set up or not, the judgment is conclusive against that allegation." This rule, of course, applies to judgments fairly obtained, for if the judgment is a part of the scheme to evade the usury laws, and is a device to cover the usurious transaction, it would not be held conclusive on the question of usury. In the case of *Fowler* v. *Henry*, 2 Bailey, 54, the Court held that, if a borrower, after a loan made, and without any previous agreement to do so, confess a judgment for money lent on usury, he is

forever concluded. The Court said: "There is no question that if a judgment be confessed or suffered in pursuance of an original corrupt and usurious agreement, that the borrower should so confess or suffer it, it would be void under the statute [decision rendered in 1830]; but it is equally clear that if the defendant had an opportunity, according to the ordinary forms of law, to make his defense, and neglected to avail himself of it, that he is forever concluded." This last mentioned case also held that the indorser of a note, made in consideration of such a judgment, could not avoid his own liability by reason of usury in the original loan. See, also, *Pickett* v. *Pickett*, 2 Hill Eq., 363, *474, wherein the Court said: "That a judgment fairly obtained upon a usurious contract is conclusive, has been repeatedly held in this State. As, for instance, in Fowler *v.* Stewart, where the suit was on a judgment which had been rendered on usurious notes. The defendant was not allowed to go behind the judgment and examine the contract on which it was founded. Numberless cases of a similar character have occurred where a like decision was made." Now we will examine the statute under which the present action is brought, and ascertain if such statute in anyway abrogates the above salutary rule as to the conclusiveness of a judgment to prevent the affirmance of usury in the original debt in any subsequent proceeding between the same parties or their privies. Sec. 1390 is as follows: "No greater rate of interest than seven per centum per annum shall be charged, taken, agreed upon or allowed upon any contract arising in this State for the hiring, lending or use of money or other commodity, except upon written contract, wherein by express agreement a rate of interest not exceeding eight per cent. may be charged. No person or corporation lending or advancing money or other commodity upon a greater rate of interest shall be allowed to recover in any Court in this State any portion of the interest so unlawfully charged; and the principal sum, amount or value so lent or advanced, without any interest, shall be

deemed and taken by the Courts of this State to be the
true legal debt or measure of damages, to all intents and
purposes whatsoever, to be recovered without costs: *Pro-
vided*, That the provisions of this section shall not apply
to contracts or agreements entered into, or discounts or
arrangements made, prior to the 1st of March, 1890."
"Sec. 1391. Any person or corporation who shall receive
as interest any greater amount than is provided for in the
preceding section shall, in addition to the forfeiture herein
provided for, forfeit also double the sum received, to be col-
lected by a separate action, or allowed as a counter-claim
to any action brought to recover the principal sum." This
action is brought under the last quoted section, for "dou-
ble the sum so received." It is manifest that sec. 1390
must be looked to for the purpose of ascertaining the mean-
ing of "double the sum so received." Referring to that
section, we find that the usurious interest must have been
taken or received *"upon any contract arising in this State
for the hiring, &c., of money, &c."* In this case the money
*received* was the proceeds of the sale of land under a *decree*
of foreclosure. The contract now said to be usurious had
become merged into the judgment. The original contract
was extinguished. The judgment became a new debt, and
"is not infected by the usurious nature of the cause of
action." Freeman on Judg., 217, citing *Thatcher* v. *Sam-
mon*, 12 Mass., 368. As said by Simpson, C. J., in *Moore*
v. *Holland*, 16 S. C., 27, speaking of a judgment: "When
it is granted upon a contract, it determines what the con-
tract is, and closes it, giving the party in whose favor the
judgment is rendered the means of enforcing the contract
thus determined, or redress for its breach. A judgment of
this sort involves two ideas, the contract upon which it is
rendered and the judgment itself. The one is the act of
the parties, the other is the act of the Court. They are
entirely separate and distinct." The statute nowhere
speaks of the receipt of usurious interest included in a
judgment, but merely speaks of the receipt of such interest

on a contract, and it can not be doubted that if the legislature had intended to include judgments, it would have said so plainly. In the absence of a manifest intent to alter the wholesome rules as to the verity and conclusiveness of judgments, we will not strain an intent to include judgments in the term contracts. It is the *duty* of the judgment debtor to pay the judgment and it is the *right* of the judgment creditor to *receive* what the Court has adjudged to be due him. Would it not be a very strange construction of this statute, to hold under it what was rightfully paid upon a judgment was wrongfully received? Is it possible to specify the wrong or delict of the defendant in this case?

It is true, that no right of action accrued under this statute until the payment of the usurious interest. *Hardin* v. *Trimmier*, 27 S. C., 111. Hence, it is argued that the right of action did not accrue until the payment of the judgment. But, as shown above, the statute only allows a separate action for the usurious interest received upon the contract. To make this statute apply, the usurious interest must have been received on the agreement before it merged into the judgment, and in that event, in a suit on the agreement or "for the principal sum," the debtor may plead usury, and set up the counter-claim as specified; or he may plead usury in the suit for the principal sum, and, if successful, he may, if he choose, instead of setting up the counter-claim in that action, bring a separate action for the specified sum; or he may bring a separate action before the action on the contract, or during the pendency of the action on the contract, provided he has not set up the counter-claim in said action on the contract. It is manifest, if the plea of usury is raised in the suit on the contract and is unsuccessful, that there can be neither any counter-claim in the suit on the contract nor a separate action, because the fundamental fact of usury is wanting, and there can not be maintained either counter-claim or a separate action, except upon proof of usury; if one is estopped to

prove the fact of usury, he is in the same condition as if no usury in fact existed. The construction thus given is consistent with all former decisions of this Court under this statute, is strictly in accordance with the terms and purpose of the act, and at the same time does not disturb the long settled principles governing the conclusiveness of a judgment.

The motion for nonsuit should have been granted. The judgment of the Circuit Court is reversed, and the cause remanded for a new trial.