6591

### STRAIT v. BRITISH AND AMERICAN MORTGAGE CO.

1. APPEAL does not lie from order refusing motion to strike out part of a pleading.
2. RES JUDICATA—USURY.—A separate action for penalty for collecting attorney's fee in foreclosure suit as a method of collecting usurious interest is barred by a judgment in the foreclosure suit.

Before DANTZLER, J., Lancaster, March, 1907.   Affirmed.

Action by T. J. Strait against British and American Mortgage Co., Limited.   From order overruling demurrer and refusing motion to strike out certain defenses plaintiff appeals.

*Mr. J. Harry Foster,* for appellant, cites: *Usury statute of 1890 and its construction with act of 1898:* Code 1902, secs. 1391, 1663, 1664; 2 Ency., 601; 27 S. C., 111; 50 S. C., 185; Act of 1898; End. on Int. of Stat., secs. 329, 339, 138, 103, 107.   *Doctrine of res judicata and its application:* 19 S. C., 158; 17 S. C., 35; 19 S. C., 254; 49 S. C., 512; 55 S. C., 498; 52 S. C., 34; 34 S. C., 345; 9 Rich., 451; 29 Barb., 243; Freem. on Judg., secs. 268, 271, 272, 268, 277; 21 Wis., 401; 24 Ency., 244; Big. on Estp., 186, 174, 182; 80 N. Y., 413; 30 Minn., 64; 52 Ia., 94; 22 Minn., 224; 49 Cal., 243; 84 Mo., 561; 25 Cal., 266; 126 Mass., 512; 29 W. Va., 469; 132 Mass., 105.   *Order refusing to strike out is not appealable:* 74 S. C., 13; Code of Proc., sec. 11, sub. 2.

*Mr. R. E. Wylie,* contra, cites: *The former judgment is a bar to this action:* 2 Black., sec. 504; 50 S. C., 185. *Act of 1898 does not amend usury statutes in this particular:* Rev. Stat., 1893, secs. 1390, 1391; Code of 1902, secs. 1662, 1663, 1664.

July 12, 1907. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. It appears from the record that on December 16th, 1904, the defendant mortgage company loaned to the plaintiff herein, T. J. Strait, the sum of eight thousand five hundred dollars, plaintiff giving his five notes, payable at various times thereafter. The contract provided for eight per cent. interest, ten per cent. attorney's fees, and, also, that should any one of the notes not be paid when it became due that then the defendant at its option might regard all the notes as due and bring suit for foreclosure. Plaintiff having failed to meet the first note foreclosure proceedings were instituted by the defendant and on October the 11th, 1906, judgment by default was entered against the defendant for ten thousand nine hundred and sixty-eight dollars and eight-nine cents. Thereafter, in December, 1906, plaintiff alleging that the ten per cent. attorney's fee charged was not used for such purpose but was merely a method of charging usurious interest, brought this action under the usury laws of the State to recover the penalties therein provided.

The defendant answered, setting up four separate defenses. The third defense was: 1st, that the judgment had been transferred to W. H. Clyburn, without recourse; and 2d, defendant denies that it contracted for or collected any usurious interest. The fourth defense was that the matter was *res judicata.*

On March 13th, 1907, plaintiff moved, before Judge C. G. Dantzler, at Lancaster, to have these defenses stricken out as irrelevant and redundant and also demurred to them. Judge Dantzler refused to strike them out and overruled the demurrer as to each.

The first question raised by the exceptions is that the Circuit Judge erred in refusing to strike out the defenses as irrelevant and redundant. It has been recently decided in the case of *Harbert* v. *Railway*, 74 S. C., 14, that an appeal would not lie from a motion to strike out, the Court holding if error is committed in this respect it will be reviewed on appeal. Therefore, it is not necessary to look further into the matter.

The other exceptions take objection to the overruling of the demurrer by the Circuit Judge. As neither the appellant nor the respondent argues the demurrer as to the third defense, we shall direct our attention entirely to the consideration of the fourth defense, that is, that the matter is *res judicata.* It is conceded by the plaintiff that unless the amendatory act of 1890, modified the previous usury statute in this particular, then the case of *Ryan* v. *Building and Loan Association,* 50 S. C., 185, 27 S. E., 618, is decisive. The question is, therefore, what change did the act of 1890 make in the usury laws. Section 1391, of the Civil Code of 1893, provided: "Any person or corporation who shall receive as interest any greater amount than is provided for in the preceding section shall, in addition to the forfeiture herein provided for, forfeit also double the sum received, to be collected by a separate action or allowed as a counter-claim to any action brought to recover the principal sum." Section 1663, of Civil Code (Act of 1890) of 1902, provides: "Any person or corporation who shall receive or *contract to receive,* as interest any greater amount than is provided for in the preceding section, shall forfeit all interest and the cost of the action, and such portion of the original debt as shall be due shall be recovered without interest or costs, and where any amount so charged or contracted for has been actually received by such person or corporation, he or she or they shall forfeit double the total amount received in respect of interest, to be collected by a separate action, or allowed as a counter-claim in any action brought to recover the prin-

24—77

cipal sum." A comparison of these sections, the only two relevant to the issue, will show that the only respect in which the act of 1890 was amended was in making it unlawful to contract to receive as well as to receive usurious interest. It will be noticed that the last half of Section 1663, that on which plaintiff relies, is almost identical with Section 1391, the main difference being the position of words and phrases. So far as meaning is concerned they are identical. We think, therefore, that the case of *Ryan v. Association, supra,* is decisive.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.