7055

### GREENWOOD DRUG CO. v. BROMONIA CO.

ESTOPPEL—RES JUDICATA.—A JUDGMENT on contract is an estoppel to a suit in tort based on the same facts as the defense to the suit on contract with the additional allegation of fraud which the plaintiff in this action knew when he filed his answer in the suit on contract. *Kirven* v. *Chemical Co.*, 77 S. C., 494, *distinguished from this case.*

Before GAGE, J., Greenwood, March, 1908. Affirmed.

Action by Greenwood Drug Company against Bromonia Company. From judgment for defendant, plaintiff appeals.

*Messrs. Ellis G. Graydon* and *Nicholson Bros.*, for appellant.

*Messrs. Nicholson Bros.* cite: *A judgment is only conclusive of questions necessary to determine the issues, not of all questions which might have been raised:* 49 S. C., 505; 17 S. C., 35; 77 S. C., 493; 45 S. C., 17; 52 S. C., 25; 94 U. S., 352; 24 S. C., 479; 71 S. C., 95.

*Messrs. Giles & Outs,* contra, cite: *The issues here raised are settled by the judgment in the former case:* 4 Strob., 53; 11 Ency., 390; 44 S. C., 1; 94 U. S., 351; 52 S. C., 166; 77 S. C., 493.

November 16, 1908. The opinion of the Court was delivered by

MR. JUSTICE JONES. This appeal involves the application of the law of estoppel by judgment.

In a former action the Bromonia Company recovered judgment against Greenwood Drug Company for the value of a quantity of certain medicine called Bromonia, amounting to $140, and for expenses of advertising said medicine, amounting to $57.50, pursuant to a contract entered into between the parties, which judgment on appeal to this Court was affirmed. *Bromonia Company* v. *Greenwood Drug Company,* 78 S. C., 482, 59 S. E., 363. Thereafter, Greenwood Drug Company paid the judgment, and brought this action against the Bromonia Company, and attached the funds paid in settlement of said judgment. The complaint in this action seeks to recover damages for alleged fraudulent misrepresentation by the Bromonia Company, which induced Greenwood Drug Company to enter into the contract sued on in a former action, and for the worthlessness of the medicine for which recovery was had, alleging as elements of the damages the $140 paid as the price of the goods; $57.50, the amount paid for advertising; $30.36, interest on these amounts; $71.70, the costs of that suit; and $90.94, the attorneys' fees and expenses incurred by Greenwood Drug Company in defending that suit.

Judge Gage dissolved the attachment and dismissed the complaint, holding that the plaintiff, Greenwood Drug Company, was estopped by the judgment in the former action, from which order appeal is taken by the defendant.

The reasons given by Judge Gage are as follows: "The complaint in the second case is practically the same as the

answer in the first case, except that it alleges a *scienter* on the part of the Bromonia Company when it made the alleged false statements. The Greenwood Company contends that the issue of fraud which it now makes has never been heretofore made and adjudicated; that it is entitled to a day in Court, and now demands it. It contends that, inasmuch as that issue was not made in the first action, it was not then adjudicated.

"The parties to the action are the same; the Court is the same; the subject-matter, Bromonia, and the advertisement of it, is the same. The exact issue in the first case was: Did the Greenwood Drug Company owe the Bromonia Company for a lot of medicine, and for money paid out in the advertisement of the medicine? That, too, is the issue in the second case. It was decided in the first case, and that ends the controversy. *Cromwell* v. *Sac County,* 94 U. S., 352.

"If Smith should sue Brown on a note, and Brown should plead payment, and the jury should find for Smith, Brown could not thereafter renew the controversy by pleading that Smith had seduced him into signing the note by fraudulent misrepresentations."

We think the judgment should be affirmed. The general rule is that a judgment giving effect to a contract is conclusive evidence that it is free from fraud or illegality, although such issue was not raised in the action, except where the party objecting was ignorant of the fraud or illegality before judgment, or was prevented from pleading it. 23 Cyc., 1294. The case of *Hart* v. *Bates* falls within the exception stated, as, in that case, the fraud was not discovered until after the former judgment. Estoppel by judgment on the merits covers not only what was actually decided, but also what was necessarily implied in the final result. 23 Cyc., 1306. Our decisions are in accord with this general rule. In *Willis* v. *Tozier,* 44 S. C., 1, 17, the Court said: "A judgment is conclusive between the parties

to it, not only as to those matters which were actually decided, but also all such as were necessarily involved in its rendition. *Trimmier* v. *Thompson,* 19 S. C., 254; *Micheau ads. Caldwell,* 1 Spear, 276." Hence, a judgment on a note is conclusive that the maker's name was not forged. *Fraser & Dill* v. *Charleston,* 19 S. C., 384. And allegations of fraud in the execution of a mortgage and prior payments are *res judicata* after judgment of foreclosure and sale, and will not support an action to set aside the sale and vacate the mortgage where the defendant appeared in the former action and had opportunity to litigate such question. *Ruff* v. *Doty,* 26 S. C., 173, 1 S. E., 707. In this last mentioned case the Court, referring to *Hart* v. *Bates,* 17 S. C., 35, and *Fraser & Dill* v. *Charleston,* 19 S. C., 399, said: "These two cases, considered together, decide briefly that a matter not necessarily involved, and not raised in a previous case, is not *res judicata;* but if necessarily involved, and (whether) raised or not, it is concluded, and especially so if the party denying the adjudication knew of the matter and could have interposed it at a previous trial, either in support of a claim or as a defense." In *Ryan* v. *Association,* 50 S. C., 188, 27 S. E., 618, the Court held a judgment debtor estopped from bringing a separate action under section 1891, for usurious interest collected of him in a foreclosure judgment, as the judgment negatived usury.

In this case the Greenwood Drug Company knew of the alleged fraud, if any existed, as the answer in the former action set up the said fraud but failed to allege the *scienter;* and in the second action the complaint alleged that "Soon after entering into said contract the plaintiff had reason to believe that it had been deceived and defrauded, etc." Hence, this case cannot fall within the exception to the general rule. The plaintiff was not prevented from pleading fraud in the former action, but because of its defective plea certain evidence which it sought to introduce on that subject was properly rejected. Such result followed from

the failure or neglect of the Greenwood Drug Company to make proper plea, and not from any denial of the right to make such issue. The judgment upon the contract necessarily involved an adjudication that the Bromonia Company had delivered to Greenwood Drug Company goods of value as alleged, and had incurred expense of advertising, according to contract, and necessarily implied that there was no want or failure or illegality of consideration in the contract enforced. To support the second action would necessarily assail and annul the correctness of the result in first action and give back to Greenwood Drug Company the money it was adjudged to pay therein, on the ground that the goods adjudged to be of value were really worthless, and on the ground that the contract adjudged to be a valid obligation was void for fraud, known at the time of the former judgment. It is apparent that the second action substantially involves the issues actually and impliedly involved in the first action, and it is of no consequence that the form of the second action was in tort, while the first action was in contract.

The appellant cites *Kirven* v. *Chemical Co.,* 77 S. C., 494, 58 S. E., 424, as sustaining its contention. In that case the judgment of the Circuit Court was affirmed by a divided Court in effect holding that a judgment of the United States Circuit Court on a note for fertilizers is not *res judicata* of an action in the State Court for damages for actual injuries to the crop of defendant, caused by the use of the fertilizer, alleged to have been negligently compounded and deleterious, when such question was withdrawn in the United States Court by permission of the Court.

If it is to be conceded that the action by Kirven in the State Court was a distinct and independent suit for actual injury to his property, constituting a cross action as distinguished from a suit based upon mere failure of consideration of the notes upon which judgment was rendered, there is much reason for holding that a withdrawal of such issue

by permission of the Court in the first suit should prevent judgment therein from operating as an estoppel in a subsequent suit on the issue or cross claim so withdrawn. The opinion of the two Justices opposed to affirmance in that case was based upon the view that where a judgment goes against the defendant, and he afterwards sues plaintiff on a cross claim which he might have presented in the first suit, but did not, *if the facts which he must establish to authorize his recovery are inconsistent with or opposed to the facts on which recovery was had in the first action,* the former judgment operates as an estoppel. If Kirven in the second action had sued for damages arising from his payment of the judgment rendered against him, on the ground that the fertilizers were worthless, and that fact was known to him before the judgment, he would undoubtedly have been estopped by the judgment.

But in the case at bar no issue was withdrawn by permission of the Court; and if evidence of fraud was excluded, it was only because such fraud was not properly pleaded. The case stands as if there had been no attempt to plead fraud in avoidance of the contract. Moreover, the present suit is not upon a distinct and independent cause of action for actual injury, arising from the sale or use of the medicine, but is nothing more in effect than an action to restore Greenwood Drug Company to the status it would have occupied if it had made successful defense in the former action; in other words, to reopen and relitigate that case.

These views require that the order of Judge Gage be sustained.

It appears that on the 13th day of January, 1908, Judge Klugh issued an order enjoining the Bromonia Company from enforcing its said judgment against the property of Greenwood Drug Company during the pendency of this action; and from this order the Bromonia Company has

appealed. For the reasons already stated the order of Judge Klugh should not have been granted.

The judgment of this Court is that the order of Judge Gage herein be affirmed, and the order of Judge Klugh herein be set aside.