7357

### BRITISH AND AMERICAN MORTGAGE CO. v. STRAIT.

1. Motions to Vacate Judgments.—In passing on a motion to vacate a default judgment and to permit the defendant to interpose a defense which he only discovered after judgment entered, it is not proper for the Judge to decide the motion on the greater weight of the evidence from all affidavits submitted, but he is only required to determine if the movant makes out a *prima facie* case.

2. Ibid.—Appeal.—That the notice of motion did not state the grounds on which the Court would be asked to vacate the judgment will not be entertained here, unless the record shows the point was made on Circuit. Nor does it matter whether the assignee of the judgment is before the Court.

3. Ibid.—Ibid.—The assignor of a default judgment is the proper party to a motion to set it aside to permit the defendant to interpose defenses discovered after rendition of judgment, and the judgment is not a bar to such motion.

4. Ibid.—A defendant is not presumed to have notice of a default judgment until entered, and a motion to set it aside noticed within one year after entry is within time.

Before WILSON, J., Lancaster, December, 1908. Affirmed.

Motion in case of British-American Mortgage Company. Limited, against Thomas J. Strait, by Strait, to set judgment aside. From order granting the motion, the plaintiff appeals.

*Mr. R. E. Wylie,* for appellant, cites: *Motion was not within time:* Code of Proc., 195; 17 S. C., 445, 446; 59 S. C., 472; 53 S. C., 230; 23 Cyc., 900, 908. *Error to open judgment, except in furtherance of justice:* 15 Ency. P. &

P., 243; 12 Ency., 137; Freeman on Judg., 103; 1 Black on Judg., secs. 230, 349; 23 Cyc., 965, 937, 930; 25 S. C., 67; 53 S. C., 230. *Movant should make out a case by the weight of the evidence:* 15 Ency. P. & P., 286; 28 S. C., 506; 36 S. C., 578; 23 Cyc., 958, 959, 961. *Including attorney's fee in mortgage does not make usury:* 33 S. C., 283; 28 S. C., 303; 37 S. C., 200. *Abuse of discretion is question of law, and this Court will relieve from it:* 15 Ency. P. & P., 283; 54 N. W., 102.

*Mr. J. Harry Foster,* contra, cites: *Motion was made in time:* 90 Am. St. R., 476; 52 Am. St. R., 315; Black on Judg., secs. 311, 297, 305, 321; 19 Ency., 257; 2 Am. St. R., 533; 17 Ency., 841, 842, 840; 60 Am. St. R., 632; 27 Am. St. R., 143; 79 Am. Dec., 684; 78 Am. St. R., 874. *Movant only required to make out prima facie case:* 28 Ala., 380; Black on Judg., sec. 351; 31 Am. St. R., 248; 33 Cal., 323; 45 Cal., 53; 36 Am. St. R., 762; 24 Ind., 291; 40 Ind., 221; 75 Ia., 705; Freeman on Judg., sec. 109; Black on Judg., sec. 351. *No injury can come to assignee:* 56 Neb., 469; Black on Judg., sec. 355; 1 S. D., 531; 36 Am. St. R., 762; 76 Cal., 794. *The Court used its discretion wisely:* 18 S. C., 315; 47 S. C., 263; 51 S. C., 405; 56 S. C., 28; 64 S. C., 342; 14 S. C., 630; 10 S. C., 269; 19 S. C., 453; 51 S. C., 405; 53 S. C., 224; 77 Ency., 845; 21 Am. St. R., 52. *Grounds for vacating judgment:* Black on Judg., secs. 291, 225, 331, 354, 369, 370, 321; 50 S. C., 183; 77 S. C., 91; 79 Ill., 109; 27 Am. St. R., 143; 81 Wis., 67; 74 Ia., 348; 36 Am. St. R., 745; 19 Am. St. R., 603; 53 Am. St. R., 897; 8 Am. St. R., 301; 19 Am. St. R., 337; 58 Id., 180; 11 Id., 393; Smith on Frauds, secs. 1, 224; Bigelow on Frauds, 176; 11 N. J., 512; 87 Am. St. R., 474; 32 Id., 202; 54 Id., 632; 65 Id., 818; 96 Id., 105; Story Eq. Jur., sec. 197; 66 N. C., 233. *Movant must show meritorious defense:* 75 Ia., 705; 72 Texas, 18; 24 L. R. A., 46.

November 3, 1909. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. On November 16, 1904, the defendant, Strait, gave the plaintiff five notes, payable at intervals of one year, agregating $8,750, for borrowed money, and five notes for the interest on the respective principal notes, accruing before maturity. These notes were all secured by a mortgage on real estate, which provided that in case of default in the payment of any of said notes, within ten days after maturity thereof, all of them should at once become due and collectible. The mortgage also provided that, in case of foreclosure, the mortgagor should pay ten per cent. of the mortgage debt and interest as attorney's commissions. Default having been made, plaintiff brought this action for foreclosure. The defendant accepted service of the summons and complaint July 10, 1906, and allowed judgment to be taken against him by default. The order for judgment bears date October 11, 1906, and the amount for which judgment was rendered includes ten per cent. of the mortgage debt and interest, which was claimed by proper allegation and prayer in the complaint.

On December 6, 1906, the plaintiff, by two of its directors, endorsed on the judgment an assignment thereof to W. V. Clyburn, without recourse.

Thereafter, in December, 1906, the defendant, Strait, commenced an action against the plaintiff to recover usurious interest paid, alleging the execution of the notes and mortgage by him, the action to foreclose, and the judgment of foreclosure, and that the ten per cent. attorney's fees, provided for in the mortgage, was not intended as such, but only as a subterfuge to evade the usury laws, and that plaintiff's attorney did not receive said amount, but received only a nominal fee, and the plaintiff received the ten per cent. as usurious interest, and that he had paid said judgment, interest and costs. The defendant's answer denied that the ten per cent. was intended or received as interest, set up the judgment as an estoppel, and the assignment thereof to Clyburn, and alleged that it had no further interest in the judgment. The plaintiff moved to strike out

certain allegations of the answer, as sham and frivolous, and demurred to the defenses of assignment of the judgment and the plea of estoppel. The Court refused the motion to strike out, and overruled the demurrer. On appeal by plaintiff the order was affirmed. *Strait* v. *Mortgage Co.,* 77 S. C., 367, 57 S. E., 1100.

On October 1, 1907, the defendant, Strait, served on defendant's attorney notice of a motion, in the foreclosure suit, to set aside the judgment therein. The motion was based on affidavits, served with the notice,, and the record in the case, and also the record in the case of *Strait* v. *British and American Mortgage Co.* The affidavits are long, and, for the purposes of the decision, it will be necessary to state only the substance of the material parts of them. On the part of the defendant, Strait, they tended to show that he discovered for the first time after the rendition of the judgment that the ten per cent. attorney's commissions, provided for in the mortgage, were not intended for the attorney of the company, and would not be paid him; that, after the rendition of the judgment, he went to Mr. Wylie, the attorney of the mortgage company, and asked him to rebate the ten per cent. attorney's commissions; that Mr. Wylie told him the commissions did not belong to him, and he would get no part of them, but that they belonged to the company, and that he was to receive only a nominal fee; that, at his request, Mr. Wylie wrote the company relative to rebating the commissions, and that the company replied that the commissions did not belong to Mr. Wylie, but to it, and that he (Mr. Wylie) had no authority to rebate them; that the insertion of the provision for the commissions in the mortgage was a scheme to evade the usury law and collect usurious interest, and to use the judgment as a part of the scheme to cloak the intent; that he did not know, and had no means of knowing, these facts, until he discovered them, after the rendition of the judgment, and if he had known them in time he would have interposed them as a defense to the action; that his land was advertised for

sale on salesday in December, 1906, and, on that day, he induced W. V. Clyburn to advance the amount necessary to pay off the judgment, and that through the said Clyburn, his agent and attorney in fact, the full amount of the judgment was paid to the company; that he is advised by his attorney that he has a good and meritorious defense to said action; that as soon as practicable, after he discovered the alleged fraud and deceit of collecting usurious interest under the guise of attorney's commissions, he employed counsel, who immediately brought action to recover the interest so collected; that the mortgage company has no further interest in the judgment, except to use it as an estoppel to prevent him from recovering the interest so collected.

The affidavits on the part of the mortgage company, in resisting the motion, tended to show that the contract of Mr. Wylie with the mortgage company was, if the land was sold under the judgment and bid off by the company, he was to get a fee of $250; but if bid off by any other person, he was to receive the ten per cent. attorney's commissions; that at the time he told the defendant that the commissions belonged to the mortgage company Mr. Wylie thought the land would be sold and bid off by the company, and he would get only the fee of $250; but as the judgment was, contrary to his expectations, paid off by Clyburn, he did get the full commissions, amounting to something over $1,000; that the judgment was assigned to Clyburn on December 6, 1906, without recourse, and the said Clyburn has no other security for the money advanced by him, no part of which has been paid, and the mortgage company has no further interest in the judgment.

By consent the motion was submitted to his Honor, Judge Wilson, without argument, on October 14, 1907. On December 5, 1907, he filed an order granting the motion. The mortgage company appealed.

In passing upon a motion of this kind it would not be proper for the Court to decide anything as to the merits of the case, but merely to decide, from the showing, whether

the party applying for relief is entitled thereto. Of course, it would be proper and necessary for the Court to determine whether the defense proposed had sufficient merit to warrant the opening of a judgment, as to which only a *prima facie* showing is necessary. Therefore, the Circuit Judge, very properly, expressed himself guardedly in saying that the defendant, Strait, had made a *prima facie* showing, and was entitled to relief. His Honor could not have decided by the greater weight of the evidence, afforded by the affidavits, as contended by appellant, whether the defendant's contention that the commissions made the transaction usurious was right or wrong. That is the very question which will arise on the merits, when the defense is interposed. There was no denial of defendant's affidavit that he did not know that the commissions belonged to the company, instead of to the attorney, as they ostensibly did, until after the rendition of the judgment, and that, until he discovered that fact, by going to Mr. Wylie and asking that the commissions be rebated, he thought he had no defense to the action, and that if he had known this fact in time he would have answered and interposed the defense.

The granting or refusing of motions under section 195 of the Code is, by the express terms of that section, in the discretion of the Circuit Court, and this Court will not interfere, except in a clear case of abuse of that discretion. *Turner* v. *Bolton,* 82 S. C., 504. The point that the notice of the motion did not state the grounds upon which the Circuit Court would be asked to vacate the judgment cannot be entertained by this Court, because it does not appear to have been made in the Circuit Court. *Elkins* v. *R. R. Co.,* 59 S. C., 1, 37 S. E., 1. That the assignee of the judgment was not before the Court makes no difference. The contest here is between the original parties to the judgment. No right of the assignee will be concluded until he has his day in Court.

Appellant contends that the Circuit Court erred in granting the order, because, having been paid and having assigned the judgment, without recourse, it has no further interest in it. Then why did appellant resist the motion and appeal from the order granting it? So long as the judgment stood it was an estoppel against any other action by the defendant, Strait, to recover of the plaintiff the alleged usurious interest and penalty for receiving it. That is what this Court held in *Strait* v. *British and Amer. Mortgage Co.*, 77 S. C., 367, 57 S. E., 1100. But that judgment is no bar to this motion.

We think the motion was in time. It was noticed within a year after the judgment was rendered. The defendant could not have had notice of the judgment until it was rendered. But, aside from this, section 300 of the Code provides that the clerk shall keep a book for the entry of judgments, called the abstract of judgments, and section 301 provides that in this book shall be entered each case wherein judgment may be signed, after judgment or final order. Under rule III of the Circuit Court the clerk cannot enter any judgment, without special leave, until the expiration of five days after the Court has adjourned for the term. It does not appear that any such leave was obtained, and we must presume, therefore, that the judgment was not entered until five days after the 11th of October, 1906, if we assume that was the last day of the term; in which event the entry could not have been made before the 17th. The defendant will not be presumed to have had notice of the judgment until it was entered, and there is nothing in the record to show that he had notice thereof before it was entered. In this view of the matter, the motion was actually heard within a year from notice of the judgment.

Order affirmed.