## 8953

### BANK OF COLUMBIA v. HAVIRD *ET AL.*

#### (82 S. E. 1006.)

JUDGMENTS.  VACATING.  PRACTICE.  FORECLOSURE.  JUDICIAL SALES.

1. JUDGMENT — VACATION — GROUNDS — OMISSION BY ADVERSE PARTY — TIME.—Code Civ. Proc. 1912, sec. 225, provides that the Court, at any time within one year after notice thereof, may relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect. *Held,* that such section did not limit the time within which the Court might grant relief from a judgment, where the ground for relief was not a mistake or inadvertence of the applying party, but an omission of necessary procedure by the adverse party.

2. MORTGAGES—FORECLOSURE—ANSWERS—SERVICE ON CODEFENDANTS.— Where defendant mortgagees sought affirmative relief by foreclosure of their respective mortgages, it was their duty to serve a copy of their answers on the other defendants as well as on the plaintiff, and their failure to do so could not be successfully urged as a reason why another defendant, not so served, should be barred after one year from moving to set judgments of foreclosure aside.

3. MORTGAGES—FORECLOSURE—DEFECTIVE PROCEEDINGS—BONA FIDE PURCHASER—TITLE.—Where defendant mortgagees in foreclosure sought to have their mortgage foreclosed, and, having secured foreclosure decrees, the property was sold to a *bona fide* purchaser, the decrees were not void because such mortgagees neglected to serve a copy of their answer on the other defendants, nor was the purchaser's title affected thereby.

Before SHIPP, J., Newberry, September, 1913. · Modified.

Motion by Bettie Havird, a defendant, to vacate and set aside certain judgments obtained against her by her codefendants in case of Bank of Columbia, plaintiff, against The Havird Company and others, defendants. The motion being refused, Bettie Havird appeals. The facts are stated in the opinion.

FOOTNOTE.—As to how far a purchaser at an execution or judicial sale is protected as a *bona fide* purchaser, see note in 21 L. R. A. 1 to 54. As to right of defendant to have default judgment taken against him on the account of failure of some other person than the party or his attorney to attend to case, see note in 30 Am. & Eng. Ann. Cas. 1913e, 752.

*Mr. Lambert W. Jones,* for appellant, cites: *Judgments taken on answer of codefendant without notice to defendant are voidable:* 95 S. C. 343; Code Civil Proc., secs. 190, 179, 180, 191, 192, 227. *Where moving party has not been guilty of laches:* 17 S. C. 449.

*Messrs. Hunt, Hunt & Hunter,* for Bank of Prosperity, Bank of Saluda and M. H. Kempson, respondents, cite: *No abuse of discretion in refusing motion:* 95 S. C. 343, *which should have been made within one year:* 17 S. C. 442. *No showing that judgment was improper or unjust:* 77 S. C. 91, *or prejudicial to appellant:* 42 S. C. 330. *The title of the purchaser should stand:* 19 S. C. 554.

September 29, 1914.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The facts are thus stated by the respondents' attorneys:

"This is an action brought by the Bank of Columbia against the defendants, to foreclose a mortgage given by the defendant, Bettie Havird, to the Havird Company, and assigned by the Havird Company to the Bank of Columbia. The Havird Company, the Bank of Prosperity, the Bank of Saluda and Robert L. Luther were made parties, as they held other mortgages and claimed a lien and interest on the premises. M. H. Kempson, by notice duly served on all parties, together with a proposed answer setting up his mortgage, was made a party as the holder of one of the mortgages, which was given to the Havird Company.

The case being at issue was referred to the master, who, after taking testimony, reported the different mortgages, the amount due and the priorities of the same. This report was duly confirmed by order of the Circuit Court June —, 1911, and land was ordered sold, and the proceeds paid out, in accordance with the priorities reported by the master. This order of the Circuit Court also allowed judgment

against Bettie Havird, in favor of the plaintiff and the different defendants, who set up their mortgage claims.

Under this order of the Court, the land was sold on sales day in December, 1911, to B. W. Crouch, who was the highest bidder for the same, for and at the price of $300. This sum was paid to the master and Mr. Crouch received a deed.   On or about August 12, 1913, the attorneys for the various parties were served with a petition, purporting to be for the purpose of having this action carried out.   This petition, however, when it was heard before his Honor, Judge Shipp, was treated by him as a motion to set aside judgment in this case.   Judge Shipp, after hearing arguments, declined to set aside judgment, on the ground that more than one year had elapsed since its rendition, and he was precluded from opening same.

At the same time, he heard a motion to confirm the master's report on sales.   There was no objection to this report, except by the appellant, Bettie Havird.   Judge Shipp affirmed the said report on sales.   The defendant, Bettie Havird, now appeals to this Court on various exceptions."

The order of his Honor, the presiding Judge, was as follows:

"This is an application on the part of Bettie Havird, one of the defendants in the original action, to open a judgment rendered on the — day of June, 1911, on the grounds of excusable neglect, etc.   If I had jurisdiction to open the judgment, I would do so, in so far as the Bank of Prosperity and the Bank of Saluda are concerned—but as the application was not made until August 12, 1912,—more than one year after the judgment sought to be opened was rendered, and of which the defendant, Bettie Havird, must be taken to have had notice, under the Code I am precluded from opening said judgment for the reasons assigned.   The judgment is not void, but the most that can be said is, that in part it might have been modified, if application had been made within one year."

The only grounds upon which the petitioner relies to show that the said judgments were prejudicial to her, relate to the judgments in favor of the Bank of Saluda, and the Bank of Prosperity. Therefore, the petition will be considered as if the other judgments therein mentioned were not alleged to be erroneous.

The first question that will be considered, is whether there was error on the part of his Honor, the Circuit Judge, in ruling that as more than one year had elapsed, he was without power to give relief against the judgments recovered by the Bank of Saluda and the Bank of Prosperity.

Section 225 of the Code of Civil Procedure, upon which his Honor, the Circuit Judge, based his ruling, provides that "the Court may also, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding, taken against him through his mistake, inadvertence, surprise, or excusable neglect."

This, however, is not a case in which the petitioner is seeking relief on the ground that the judgments were taken against her through *her* mistake, etc., but through the mistake, etc., of other parties to the action. The provisions of section 225 of the Code as to the one year limitation, are, therefore, inapplicable. *Insurance Co.* v. *Mobley,* 90 S. C. 552, 73 S. E. 1032.

It was the duty of those defendants, who were mortgagees and sought affirmative relief by foreclosure of their respective mortgages, to serve a copy of their answers on the other defendants, as well as on the plaintiff, and, their failure to discharge such duty, can not be successfully urged as a reason, why another defendant should be barred in one year, from making a motion to set aside the judgments. *Gibson* v. *Bethea,* 95 S. C. 343, 78 S. E. 1025.

Furthermore, the reasonable inference from the allegations in the petition, is, that she did not have information in

regard to the failure of the defendant mortgagees, to serve a copy of their answer, for more than a year after the judgments were rendered.

As the reason assigned for refusing the motion, in this respect, was based upon an erroneous principle of law, the exception should be sustained and the judgments in favor of the Bank of Saluda and the Bank of Prosperity set aside. Of course, the grounds upon which the petitioner relies, to show that the said judgments were erroneously rendered, will, hereafter, be determined by reference or otherwise.

The next question for determination is, whether the order confirming the report of sales should be 3, 4 reversed, in so far as the rights of the purchaser are involved.

There is nothing in the record tending to show that B. W. Crouch, who bid off the property, and to whom a deed of conveyance was made, was not in every respect, a *bona fide* purchaser. The judgment was not void, but merely voidable. Therefore, his rights will not be affected by reason of the fact that said judgments must be vacated.

This principle is sustained by the following authorities: *LeConte* v. *Irwin,* 19 S. C. 554; *LeConte* v. *Irwin,* 23 S. C. 196; *Ruff* v. *Doty,* 26 S. C. 173, 1 S. E. 707; *Eason* v. *Witcofskey,* 29 S. C. 239, 7 S. E. 291; *Ross* v. *Carroll,* 33 S. C. 202, 11 S. E. 760; *McMahon* v. *Pugh,* 62 S. C. 506, 40 S. E. 961; *Gilliam* v. *Gilliam,* 65 S. C. 129, 43 S. E. 386.

The exceptions raising this question are overruled.

These conclusions render unnecessary the consideration of the additional grounds, upon which the respondents' attorneys gave notice they would ask that the order of the Circuit Court be affirmed.

It is the judgment of this Court that the judgment of the Circuit Court be modified in the particulars hereinbefore mentioned, and that in all other respects it be affirmed.

MR. JUSTICE WATTS, *dissenting.* I dissent. The sale should be set aside and resale made. The Circuit Judge was in error in confirming the sale under the circumstances. and a plain injustice was done the appellants, and their property rights sacrificed; whereas, by a resale all of the creditors can be paid in full and something left for the debtor.